UNITED STATES of America, Appellee,

v.

**Rory PORTER, Appellant.**

No. 88–1030.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1988.

Decided July 5, 1988.

Nathan S. Cohen, St. Louis, Mo., for appellant.

Mitch Stevens, Asst. Atty. Gen., St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

ARNOLD, Circuit Judge.

Rory Porter was convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and of possessing cocaine with intent to distribute it, in violation of the same statute. (The latter offense took place on a different day, and was entirely distinct from the former.) The District Court[1] sentenced him to three years' imprisonment, to be followed by three years of supervised release, on the first count. The same sentence was imposed on the second count, to run concurrently.

Porter makes three arguments on this appeal. First, he says he was entrapped as a matter of law. But Porter never made this argument in the District Court. The point is therefore not open for normal review, Fed.R.Crim.P. 51. In any event, there was no error here. A witness called by the defendant himself testified that Porter had dealt in cocaine on previous occasions—previous, that is, to his approaching Porter, at the request of the police, to try to get him to sell cocaine. This was evidence of predisposition which, if believed by the jury, would negative the defense of entrapment. In reviewing the sufficiency of the evidence, we of course assume that the jury believed all the evidence favorable to the government.

Defendant argues next that the evidence was insufficient to establish his possession of the cocaine involved in Count II. We reject this contention. There was evidence that defendant himself said he could deliver this cocaine. He admits he knew that it was present in a car he had just gotten out of. So the jury could properly have found both knowledge and control, the two elements that together establish possession even if the defendant does not actually have the cocaine in hand. See *United States v. Noibi*, 780 F.2d 1419, 1421 (8th Cir.1986); *United States v. Wells*, 721 F.2d 1160, 1162 (8th Cir.1983).

Finally, Porter says the government called a witness it had not named on its pretrial witness list. The government is not required to give the defendant in a noncapital case a list of its witnesses. *United States v. White*, 750 F.2d 726 (8th Cir.1984). And, in any case, no prejudice is shown here. Porter does not suggest what else he could have done, by way of evidence in defense, if the name of the witness in question had been disclosed to him earlier.

Each of appellant's points is without substance, and the judgment is

Affirmed.

---

1. The Hon. William L. Hungate, United States District Judge for the Eastern District of Missouri.