UNITED STATES of America, Appellee,

v.

Frank P. SWANSON, Appellant.

No. 91–1298.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 27, 1991.

Decided Dec. 10, 1991.

Charles W. Faulkner, Minneapolis, Minn., for appellant.

Frank J. Magill, Jr., Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

HEANEY, Senior Circuit Judge.

Frank P. Swanson appeals his conviction for distribution of heroin in violation of 21 U.S.C. §§ 841(a) and 845a. Swanson argues (1) that the district court erred when it excluded the testimony of a witness who Swanson believed would impeach the government informant's testimony, and (2) that he was entrapped into selling heroin within 1,000 feet of a school in violation of his due process rights. We affirm Swanson's conviction.

*I. Evidentiary Issue*

Swanson's involvement with heroin came to the government's attention after the police arrested Kelly McCabe for theft and she offered to arrange drug buys for the government. Pursuant to this offer, McCabe arranged for an undercover officer to buy heroin from Swanson at her home, which is located one-half block from an

elementary school. All the subsequent undercover buys from Swanson, nine in total, were consummated in McCabe's home. According to McCabe, Swanson reintroduced her to heroin use after a period of abstinence; presumably, McCabe's motive for arranging the buys from and testifying against Swanson was to seek revenge for Swanson's role in her relapse.

Swanson claims that he was prepared to offer testimony from another witness that McCabe introduced Swanson to heroin use and not the other way around, that she was not trustworthy, and that she, and not Swanson, was the source of the heroin purchased by the undercover officer. The record indicates that Swanson did have a witness who would testify to the first assertion, and thus by implication to the second assertion as well, but Swanson's claim that McCabe was the actual dealer was not supported by an offer of evidence. When Swanson offered to introduce evidence that McCabe introduced Swanson to heroin use, the government objected and argued that Federal Rule of Evidence 608(b) prevented the introduction of this evidence.

■ Rule 608(b) excludes extrinsic evidence of a witness's specific conduct where the evidence is introduced to reflect on a witness's credibility. This court has recognized, however, that where the evidence has a "direct material bearing upon the crime at issue," the evidence should be admitted. *Osborne v. United States*, 542 F.2d 1015, 1019 (8th Cir.1976). While the evidence which Swanson sought to introduce may have had a material bearing on the crime at issue, we believe that its exclusion was harmless beyond a reasonable doubt. *See Delaware v. Van Ardsall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986).

Ample evidence was introduced to support the government's contention and the jury's finding that Swanson dealt heroin. The undercover officer for whom McCabe arranged heroin purchases from Swanson testified that he witnessed Swanson deliver the heroin and leave with money after each buy.[1] In addition, a sometimes romantic acquaintance of Swanson's testified that Swanson gave her heroin to deliver to McCabe's and several other residences while Swanson went to Phoenix to obtain more heroin. When Swanson returned from Phoenix, this second witness testified that she helped him divide one ounce of heroin into gram packages. This damning testimony renders the exclusion of Swanson's proffered evidence harmless beyond a reasonable doubt.

## II. Entrapment

■ Swanson next argues that the government and McCabe entrapped him into selling the heroin within 1,000 feet of a school, an offense under 21 U.S.C. § 845a,[2] and thus violated his due process rights. Swanson contends that the undercover officer orchestrated the buys so that they would occur within 1,000 feet of a school. In doing so, Swanson alleges that the government fostered the very environment that the schoolyard statute intended to eradicate[3] and that the government's alleged orchestration "was not aimed at facilitating discovery or suppression of ongoing

---

**1.** The undercover officer did not directly exchange cash for heroin with Swanson. Instead, Swanson required that the officer step into the living room of McCabe's residence while a third party, usually McCabe, delivered the money to Swanson, who would in return supply the third party with heroin to hand to the officer. During this exchange, Swanson positioned himself in McCabe's kitchen. Despite being sequestered in the living room, the officer was able to witness the cash-for-heroin exchanges in the kitchen. On one occasion, because the officer believed Swanson had short-changed him in the previous buy, the officer asked Swanson to weigh the heroin, and in the officer's presence, Swanson unpacked and weighed the heroin and then cut off a piece of it because it exceeded the agreed-upon purchase amount.

**2.** We note with approval that the government expressly indicted Swanson for distributing heroin within 1,000 feet of a school in violation of 21 U.S.C. § 845a.

**3.** Swanson concedes that unlike most entrapment defenses, predisposition or intent is irrelevant here. *See United States v. Lewin*, 900 F.2d 145, 148 (8th Cir.1990) ("[P]roof of the fact that the defendant knew that the distribution occurred within the 1000 foot zone is not required under 21 U.S.C. § 845(a)." (citations omitted)).

illicit dealings," but rather "was aimed at creating new crimes for the sake of bringing criminal charges...." *United States v. Lard,* 734 F.2d 1290, 1297 (8th Cir.1984). This appeal is the first time Swanson has raised this entrapment defense.

Not raising this defense below precludes Swanson from raising it here. *See e.g., United States v. Porter,* 850 F.2d 464, 465 (8th Cir.1988). Even if the defense had been raised before the district court, it does not appear that McCabe's home was selected as the site of the heroin deals in order to be within 1,000 feet of a school. Instead, this site was chosen because McCabe was the link between Swanson and the undercover officer. In any event, because Swanson did not raise and detail his entrapment argument below, we cannot legally or adequately evaluate it now.

We affirm the conviction of Frank P. Swanson.