# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1428EA

_____

United States of America,

    Appellee,

  v.

Domingo Jesse Campos, also known as
Edwin Diaz Mojica,

    Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Arkansas.
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted: September 21, 1998
Filed: September 30, 1998

_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

After two inconclusive trials, a third jury convicted Domingo Jesse Campos of several cocaine-related offenses. The Government called a number of witnesses to support its burden, including Campos's friend, Eva Garcia, and abundantly established Campos's considerable cocaine-dealing activity. Garcia testified to what she saw and what Campos told her about his cocaine-related activity. Campos contends he was prejudiced by Garcia's testimony because he did not know the Government intended to call her as a witness. Campos concedes the Government was not obligated to make a pretrial disclosure of its witnesses. See United States v. Porter, 850 F.2d 464, 465

(8th Cir. 1988). After reviewing the record, we are satisfied the district court did not abuse its discretion in permitting Garcia to testify. Campos lived with Garcia before his arrest, the district court allowed Campos's counsel to interview Garcia before she testified, and Campos does he suggest he would have tried the case differently knowing that Garcia was a witness. See id. Also, when Campos testified, he did little to contradict Garcia's version of his drug-dealing activity, and his tactical decision not to move for a continuance shows that he was not surprised by Garcia's addition as a Government witness. See United States v. French, 12 F.3d 114, 117 (8th Cir. 1993); United States v. Krohn, 558 F.2d 390, 394 (8th Cir. 1977). Campos further contends Garcia is his common-law wife and her testimony violates the marital privilege. We disagree. The record shows Garcia was merely one of Campos's live-in female friends and nothing more. Because Campos failed to raise the marital-privilege issue in the district court, we review for plain error and find none. See United States v. Zerba, 21 F.3d 250, 253 (8th Cir. 1994). Finally, contrary to Campos's contention, the district court did not abuse its discretion when it admitted evidence that cocaine was discovered in Campos's clothing on the first day of his trial. See United States v. Logan, 121 F.3d 1172, 1178 (8th Cir. 1997).

We affirm Campos's convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-