UNITED STATES of America, Appellee,

v.

Roger Layne WHITE, Appellant.

No. 84–1200.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1984.

Decided Dec. 26, 1984.

Rehearing and Rehearing En Banc Denied Jan. 29, 1985.

William R. Wilson, Jr., Little Rock, Ark., for appellant.

Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT and McMILLIAN, Circuit Judges, and LIMBAUGH,[*] District Judge.

McMILLIAN, Circuit Judge.

Roger Layne White appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas finding him guilty of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced appellant to twelve years imprisonment. For reversal appellant argues that the district court erred in (1) refusing to permit defense counsel to conduct voir dire, (2) refusing to order the government to disclose a list of government witnesses, (3) granting the government's request for notice of an alibi defense, (4) refusing to suppress certain inculpatory statements, and (5) refusing to order the government to disclose the statements of government witnesses before they testified. For the reasons discussed below, we hold appellant's points on appeal are without merit and affirm the judgment of the district court.

On September 16, 1983, the First American National Bank in North Little Rock, Arkansas, was robbed of about $4,400. Sometime later appellant was arrested about 30 miles away. During the car ride from the site of the arrest to North Little Rock and at the police station in North Little Rock and after having been given *Miranda* warnings, appellant made several inculpatory statements about his involvement in the bank robbery. A federal grand jury later indicted appellant, charging him with bank robbery in violation of 18 U.S.C. § 2113(a). Defense counsel made several pretrial motions which are the subject of this appeal. The government also made a pretrial demand for notice of an alibi defense. Following a pretrial hearing, the district court denied appellant's pretrial motions and granted the government's demand for notice. In light of the district court's rulings, appellant, with the approval of the district court, changed his plea of not guilty to a conditional plea of guilty, reserving the right to appellate review of the adverse determination of the pretrial motions. Fed.R.Crim.P. 11(a)(2). The district court sentenced appellant to twelve years imprisonment and this appeal followed.

---

[*] The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

[1] The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

■ Appellant first argues that the district court denied him due process by refusing to permit defense counsel to participate in or conduct voir dire. This argument has some merit but cannot be grounds for reversal. Fed.R.Crim.P. 24(a) provides that the district court may conduct voir dire itself. We find no abuse of discretion in the district court's refusal to permit defense counsel to conduct voir dire. *E.g., United States v. Mattin,* 419 F.2d 1086, 1087 (8th Cir.1970).

■ Appellant next argues that the district court erred in refusing to order the government to disclose the list of government witnesses. Appellant argues that disclosure of the list of government witnesses is necessary to the preparation of his defense and effective cross-examination. This argument must also fail. Although the district court may order such disclosure, criminal defendants have no right in noncapital cases to require disclosure of the list of government witnesses under Fed.R.Crim.P. 16(a). We find no abuse of discretion in the district court's refusal to order disclosure of the list of government witnesses. *E.g., United States v. Pelton,* 578 F.2d 701, 708 (8th Cir.), *cert. denied,* 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978); *see generally* 2 C. Wright, Federal Practice and Procedure § 254, at 89–90 (2d ed. 1982).

■ Appellant next argues that the district court erred in granting the government's demand for notice of an alibi defense under Fed.R.Crim.P. 12.1. Appellant argues that requiring a criminal defendant to provide notice of an alibi defense in effect compels the defendant to provide the government with information in violation of the fifth amendment privilege against self-incrimination. We must disagree. Rule 12.1 is intended "to prevent unfair surprise to the prosecution." H.R.Rep. No. 247, 94th Cong., 1st Sess. 8, *reprinted in* 1975 U.S.Code Cong. & Ad.News 674, 681.

Rule 12.1 permits the prosecution to ascertain in advance of trial whether a defendant will offer an alibi and if so the details and the witnesses he [or she] proposes to call to establish it. In return, the prosecution must reveal the names of the witnesses it will call to rebut the alibi.

*United States v. Vela,* 673 F.2d 86, 88 (5th Cir.1982). Similar state rules requiring advance notice of alibi defenses and government disclosure of rebuttal witnesses have been held constitutional. *See Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); *see also Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) (reciprocal discovery required).

■ Appellant next argues that the district court erred in refusing to suppress certain inculpatory custodial statements appellant made to state and federal law enforcement officers about his involvement in the bank robbery. Appellant argues that these statements were obtained in violation of his privilege against self-incrimination and his right to counsel. Appellant also argues that the statements were involuntary because he only made the statements in order to avoid prosecution under state law and the possibility of incarceration in state prison. We agree with the district court that appellant waived his rights to remain silent and to counsel and that appellant's inculpatory statements were voluntary. The evidence presented by the government at the pretrial hearing showed that the arresting and investigating law enforcement officers repeatedly read the *Miranda* warnings to appellant, that appellant acknowledged that he understood his rights, that appellant initialed and then signed a waiver of rights form before making an oral incupatory statement and before making a similar written statement, and that appellant appeared to be calm and rational and in fact was able to "negotiate" an arrangement with state prosecution authorities that he considered favorable. *Cf. Brady v. United States,* 397 U.S. 742, 751, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747 (1970) (change in plea).

■ Appellant next argues that the district court erred in refusing to require the government to disclose Jencks Act materi-

al, 18 U.S.C. § 3500, before trial. Appellant argues that advance disclosure of the statements of government witnesses is necessary to effective cross-examination. Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so. *See, e.g., United States v. Algie*, 667 F.2d 569, 571 (6th Cir.1982) (excellent discussion, citing cases from other circuits); *United States v. Collins*, 652 F.2d 735, 738 (8th Cir.1981), *cert. denied*, 455 U.S. 906, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982).

Accordingly, the judgment of the district court is affirmed.