**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1646
_____

United States of America,    *
                             *

       Appellee,        *
                             * Appeal  from  the  United
States
    v.                * District Court for the
                             * Eastern   District   of
Missouri.
Juvenile Male J.A.J.,    *
                             *

       Appellant.      *

_____

Submitted:  November 17, 1997

Filed:  January 12, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, and McMILLIAN and
    MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

    J.A.J. was seventeen years old when he was arrested
for the federal crimes of possession of crack cocaine,
marijuana, codeine, and a handgun. J.A.J. pled guilty to
federal juvenile delinquency charges after the district
court[1] held that it had jurisdiction. On appeal, J.A.J.
challenges the sufficiency of the United States
Attorney's 18 U.S.C. § 5032 certification that a

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern
District of Missouri.

substantial federal interest in the case justified federal

jurisdiction. Because the United States Attorney's §
5032 certification of a substantial federal interest is
an unreviewable act of prosecutorial discretion, we
affirm.

## I.

J.A.J. was seventeen years old during the autumn of
1996 when he possessed with intent to distribute a total
of 1.31 grams of crack cocaine and .24 grams of codeine.
J.A.J. also possessed .94 grams of marijuana, a .25
caliber semi-automatic handgun, and 6 rounds of
ammunition. J.A.J. was indicted in federal court on five
counts of juvenile delinquency. Pursuant to 18 U.S.C. §
5032, the United States Attorney certified that J.A.J.
was a juvenile and that there was "a substantial federal
interest in the case and the offenses warrant[ed] the
exercise of Federal jurisdiction." Certification to
Proceed Under the Juvenile Justice and Delinquency Act at
2, reprinted in Appellant's Add. at 5.

J.A.J. moved to dismiss the case for lack of
jurisdiction, and the district court denied the motion.
The district court stated:

> [T]hese matters that come here under this weed
> and seed program do not appear to this Court to
> have any overwhelming substantial interest.
> Many people in the community feel this is just
> gentrification, clean up the neighborhood so
> other folks can move in. It seems to be a city
> problem, a local problem, but of course here's
> the federal funding, and the Court of Appeals in
> [United States v. Juvenile Male, 923 F.2d 614
> (8th Cir. 1991),] seems to indicate that all the

-3-

> United States has to do is certify, just say that they have a substantial interest and the Court can't look behind it to make them prove that they have this interest. . . . I don't know that there's any substantial federal interest, but I'm not supposed to check them on that.

Tr. at 3-5, <u>reprinted in</u> Appellant's Br. at 1-2.  The district court then dismissed J.A.J.'s motion "with reluctance."  <u>Id.</u> at 5, <u>reprinted in</u> Appellant's Br. at 2.  J.A.J. pled guilty

to all charges, and was sentenced to concurrent sentences of two years of probation. J.A.J. now appeals the district court's ruling that it had jurisdiction.

## II.

The determination of whether an executive decision is subject to judicial review is a question of law, which we review de novo. See United States v. Tucker, 78 F.3d 1313, 1316 (8th Cir.), cert. denied, 117 S. Ct. 76 (1996). This Court has not yet considered whether a court may review a United States Attorney's § 5032 certification that the prosecution of a juvenile represents a "substantial Federal interest," and other circuits have split on the question. Compare United States v. Juvenile No. 1, 118 F.3d 298 (5th Cir.) (§ 5032 certification of a substantial federal interest is not reviewable), cert. denied, 118 S. Ct. 457 (1997), Impounded, 117 F.3d 730 (3d Cir. 1997) (same), and United States v. I.D.P., 102 F.3d 507 (11th Cir. 1996) (same), cert. denied, 118 S. Ct. 305 (1997), with United States v. Juvenile Male # 1, 86 F.3d 1314 (4th Cir. 1996) (§ 5032 certification of a substantial federal interest is reviewable).

While executive actions are presumptively subject to judicial review, see Gutierrez de Martinez v. Lamagno, 115 S. Ct. 2227, 2236 (1995) (noting that "traditional understandings and basic principles [are] that executive determinations generally are subject to judicial review and that mechanical judgments are not the kind federal courts are set up to render"), that presumption can be rebutted. See id. at 2231 ("[W]e have stated time and

-5-

again that judicial review of executive action will not be cut off <u>unless there is persuasive reason to believe that such was the purpose of Congress.</u>" (quotations omitted) (emphasis added)); <u>see also</u> <u>Wayte v. United States</u>, 470 U.S. 598, 607 (1985) ("So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." (quotations, citations, and alteration omitted)).  The Supreme Court explained that:

This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. Judicial supervision in this area, moreover, entails systemic costs of particular concern. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute.

Id. at 607-08. Other unreviewable acts of prosecutorial discretion include the Attorney General's decision under 28 U.S.C. § 594(e) to refer jurisdiction over a matter to an independent counsel, see Tucker, 78 F.3d at 1316-19; a United States Attorney's decision under 18 U.S.C. § 6003 that compelling a witness to testify is in the public interest, see Ullmann v. United States, 350 U.S. 422, 431-34 (1956); a United States Attorney's certification under 18 U.S.C. § 3731 that an appeal from an adverse suppression ruling is not taken for purposes of delay and involves evidence material to the proceedings, see United States v. Kepner, 843 F.2d 755, 761 (3d Cir. 1988); the Attorney General's certification under 18 U.S.C. § 3503(a) that the subject of a deposition to preserve testimony is believed to have participated in organized crime, see United States v.

Ricketson, 498 F.2d 367, 374 (7th Cir. 1974); and a United States Attorney's decision under the Justice Department's Petite Policy to prosecute a defendant in federal court after the defendant has faced state charges for the same underlying conduct, see Delay v. United States, 602 F.2d 173, 178-79 (8th Cir. 1979).

To determine if Congress intended § 5032 to allow judicial review of a United States Attorney's certification that the federal prosecution of a juvenile would serve a substantial federal interest, we look to the text and structure of the statute, see Kifer v.

<u>Liberty Mut. Ins. Co.</u>, 777 F.2d 1325, 1332 (8th Cir. 1985) ("[W]e are guided by the 'cardinal rule' that our primary object is to determine and to effectuate the legislative intent as gleaned from the language of the statute considered in its entirety."), as well as any additional factors that may illuminate § 5032's purpose. <u>See, e.g.</u>, <u>Gutierrez</u>, 115 S. Ct. at 2231 (relying heavily on two additional considerations to find reviewability: (1) the Attorney General advocated reviewability, because there was a financial incentive for a United States Attorney to certify; and (2) the certification decision was dispositive of the controversy). Finally, a statute's failure to provide meaningful standards for judicial review can be dispositive that review is not permitted. <u>See</u> <u>Webster v. Doe</u>, 486 U.S. 592, 599-600 (1988) ("[E]ven when Congress has not affirmatively precluded judicial oversight, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." (interpreting APA) (quotations and citations omitted)).

Section 5032 describes the procedure for (1) trying a juvenile in federal court and (2) transferring a juvenile to be tried as an adult in federal court. A district court has jurisdiction over a juvenile if

> the Attorney General [or the United States Attorney], after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of

juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) <u>the offense charged is a crime of violence that is a felony or [an enumerated drug crime], and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.</u>

18 U.S.C. § 5032 (emphasis added).  Section 5032 does not specifically allow or prohibit judicial review of the Attorney General's certification under this paragraph, nor does § 5032 explain what constitutes a "substantial Federal interest."

Separate paragraphs within § 5032 allow the transfer of a juvenile to adult court.  Section 5032 provides, in this regard, that

> a juvenile who is alleged to have committed an act after his sixteenth birthday which if committed by an adult would be a felony offense that has as an element thereof the use, attempted use, or threatened use of physical force against the person of another, or that, by its very nature, involves a substantial risk that physical force against the person of another may be used in committing the offense, or would be an offense described in [enumerated statutes] and who has previously been found guilty of an act which if committed by an adult would have been one of the offenses set forth in this paragraph or an offense in violation of a State felony statute that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed, shall be transferred to the appropriate district court of the United States for criminal prosecution.

> Evidence of the following factors shall be considered, and findings with regard to each factor shall be made in the record, in assessing whether a transfer would be in the interest of justice: the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs designed to treat the juvenile's behavioral problems.  In considering the nature of the offense, as required by this paragraph, <u>the court</u> shall consider the extent to which the juvenile played a leadership role

in an organization, or otherwise influenced other persons to take part in criminal activities, involving the use or distribution of controlled substances or firearms. Such a factor, if found to exist, shall weigh in favor of a transfer to adult status, but the absence of this factor shall not preclude such a transfer.

Id. (emphasis added).

The structure and text of § 5032 clearly distinguishes between a United States Attorney's motion to transfer a juvenile to adult court--which is explicitly subject to judicial review and has specific standards for review--and the United States Attorney's certification of a substantial federal interest--which is standardless and not explicitly subject to review. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983) (quotations, citations, and alteration omitted). Accordingly, Congress's decision to specifically allow judicial review of transfer, but not of certification of a substantial federal interest, is powerful evidence that judicial review of the latter is barred. See Juvenile No. 1, 118 F.3d at 305; I.D.P., 102 F.3d at 511.

Further, in creating § 5032, Congress chose not to provide standards for courts to assess when a substantial federal interest is implicated, despite providing explicit standards for the judicial review of transfers. Such a lack of standards is fatal to the appellant's argument for reviewability. See Webster, 486 U.S. at 599-600; Juvenile No. 1, 118 F.3d at 305; Impounded, 117 F.3d at 735; cf. Juvenile Male, 923 F.2d at 617 (holding that judicial review was available for § 5032 certification that offense was a crime of violence, and noting that "[h]ere, no question exists as to the standard we should apply to determine whether the crime alleged is one of the crimes that Congress has determined merits the intervention of the federal courts. . . .While

-13-

this court may not have the power to guide a federal prosecutor's discretion, we must insure that the exercise of that discretion is within the confines of section 5032.").[2]

[2]In analyzing this statement, the Fourth Circuit concluded that the Juvenile Male Court implied "that merely reciting the statutory language [regarding a 'substantial Federal interest'] would be sufficient" to confer jurisdiction. See United States v. Juvenile Male # 1, 86 F.3d 1314, 1317-18 (4th Cir. 1996).

While Congress has not created standards for determining whether a substantial federal interest exists to allow federal prosecution, the Department of Justice has promulgated such standards for use by prosecutors. Addressing when the prosecution of adult offenders should be declined--precisely the sort of prosecutorial determination held by the Supreme Court to be exempt from judicial review, see, e.g., Wayte, 470 U.S. at 607--for the lack of a substantial federal interest, the Department of Justice United States Attorneys' Manual provides:

> In determining whether prosecution should be declined because no substantial federal interest would be served by prosecution, the attorney for the government should weigh all relevant considerations, including:
>
> 1. Federal law enforcement priorities;
> 2. The nature and seriousness of the offense;
> 3. The deterrent effect of prosecution;
> 4. The person's culpability in connection with the offense;
> 5. The person's history with respect to criminal activity;
> 6. The person's willingness to cooperate in the investigation or prosecution of others; and
> 7. The probable sentence or other consequences if the person is convicted.

U.S. Dep't of Justice, U.S. Attorneys' Manual § 9-27.230(A) (1993) (emphasis added). Considerations such as "Federal law enforcement priorities," the "deterrent effect of prosecution," and the defendant's "willingness to cooperate in the investigation or prosecution of

others" are precisely the sort of policy judgments invested in the executive, not the judicial, branch of government.  See Wayte, 470 U.S. at 607; I.D.P., 102 F.3d at 511 ("In the context of certification under this statute, the government's authority to ascertain the presence of a substantial federal interest is no different from its authority to decide whether to prosecute a case in a federal forum.  This type of decision falls squarely within the parameters of prosecutorial discretion that [is unreviewable]."); see also United States v. Armstrong, 116 S. Ct. 1480, 1486 (1996)

("The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws. They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.' U.S. Const., Art. II, § 3." (other quotations and citations omitted)).[3]

We conclude that the text and structure of § 5032, in addition to separation of powers concerns, demonstrate that the United States Attorney's certification of a substantial federal interest is an unreviewable act of prosecutorial discretion. Accordingly, we affirm the district court.

RICHARD S. ARNOLD, Chief Judge, dissenting.

I respectfully dissent. The Court makes good arguments, and I am almost persuaded, but on the whole I

---

[3]Chief Judge Wilkinson, who disagreed with the Fourth Circuit's finding of reviewability in Juvenile Male # 1, observed that allowing judicial review of a United States Attorney's § 5032 certification of a substantial federal interest

> is fraught with mischief. Its reasoning would require, in every juvenile proceeding in federal court, that the district court fully reevaluate the government's reasons for invoking a federal forum. The prospect of inter-branch conflict is apparent. Suppose that the Attorney General believes that a particular case involves sufficiently serious violations of the federal criminal code to warrant federal adjudication. A district court, under the majority's interpretation of section 5032, could repudiate the Attorney General's policy determination by subjectively deciding that the case does not merit a federal proceeding.

Juvenile Male # 1, 86 F.3d at 1325-26 (Wilkinson, C.J., concurring in the judgment).

find the opinion of the Fourth Circuit in <u>United States v. Juvenile Male No. 1</u>, 86 F.3d 1314, 1317-21 (4th Cir. 1996), more persuasive.

Presumably every federal prosecution is believed by the United States Attorney who brings it to embody a "substantial Federal interest." Requesting an indictment, in some sense, amounts to a certification in every case that such an interest exists. The statute at issue here, however, in expressly requiring that "a substantial Federal interest" be certified, in addition to other possible factors, must mean something more. The legislative history of the statute recognizes that most prosecutions of juveniles should be in state courts. Federal prosecutions are an exception. See S. Rep. No. 225, 98th Cong., 2nd Sess. 386, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3529. I would agree that our review of such a certification should be extremely deferential, but I cannot agree that this particular use of executive power is wholly beyond judicial correction.

It may be proper to add that, in the present case, in response to an inquiry from the bench, the United States gave an entirely plausible basis for its certification. Cases in which such a certification would be rejected by the courts would be extremely rare. I doubt that the present case would be among them.

A true copy.


        Attest:


        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-19-