# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4150

_____

United States of America,       *
                        *

         Appellant,      *

                        *   Appeal from the United States

     v.                 *   District Court for the

                        *   District of North Dakota.

Jeffrey J. DeCoteau,         *

                        *

         Appellee.       *

_____

Submitted:  June 15, 1999
Filed:   August 5, 1999

_____

Before HANSEN and MAGILL, Circuit Judges, and JONES,[*] District Judge.

_____

MAGILL, Circuit Judge.

The government indicted Jeffrey J. DeCoteau for possessing stolen firearms and being a felon in possession of firearms.  The district court dismissed the indictment when the government violated a pretrial order by disclosing its witnesses to DeCoteau twelve days prior to trial instead of fourteen days prior to trial.  We reverse and remand.

---

[*]The Honorable John B. Jones, Senior United States District Judge for the District of South Dakota, sitting by designation.

# I.

Jeffrey J. DeCoteau was indicted on July 8, 1998, on one count of possessing stolen firearms and one count of being a felon in possession of firearms. In August 1998 a magistrate judge issued a pretrial order requiring the government to disclose to DeCoteau the names, addresses and phone numbers of its witnesses fourteen days prior to trial.

DeCoteau's trial was originally scheduled for October 22, 1998. The trial date was continued to November 12, 1998, making the government's witness disclosure due October 29, 1998. The government, however, failed to disclose its witnesses to DeCoteau until October 31, twelve days prior to trial.[1] In its disclosure, the government provided the names of numerous potential witnesses, but failed to provide the phone numbers or addresses of several of the witnesses.

After receiving the government's late and incomplete witness disclosure, DeCoteau filed a motion to exclude all of the government's identified witnesses on the ground that the government failed to abide by the pretrial order. The government argued that its violation of the pretrial order was merely technical in nature and that its violation was not prejudicial because it had previously provided DeCoteau with the name, address and phone number of each listed witness in earlier discovery. The district court, without analyzing the merits of the government's contentions and without determining whether DeCoteau had suffered any prejudice because of the incomplete disclosure, elected to strictly enforce the pretrial order and granted DeCoteau's motion. The court then dismissed the indictment. The government now appeals.

---

[1]The government attempted to send its witness disclosure via facsimile to DeCoteau's counsel on October 30, 1998 (thirteen days prior to trial), but DeCoteau's counsel's facsimile machine was broken.

We review a district court's decision to sanction the government for discovery violations for an abuse of discretion.  See United States v. Wilson, 102 F.3d 968, 971 (8th Cir. 1996); see also United States v. Manthei, 979 F.2d 124, 126-27 (8th Cir. 1992) (reviewing district court's decision to dismiss an indictment for an abuse of discretion).

In this case, the district court ordered the government to disclose the names, addresses and phone numbers of its witnesses to DeCoteau fourteen days prior to trial.[2] The government contends that the district court erred in striking all of its witnesses and dismissing the indictment because of the government's failure to abide by that order. Although we do not condone the government's failure to comply with the terms of the district court's disclosure order,[3] we hold that the district court abused its discretion in striking all of the witnesses and dismissing the indictment.

"When a court sanctions the government in a criminal case for its failure to obey

---

[2]As a general rule, a defendant in a noncapital case has no right to require disclosure of government witnesses.  See, e.g., United States v. Porter, 850 F.2d 464, 465 (8th Cir. 1988); United States v. White, 750 F.2d 726, 728 (8th Cir. 1984). Notwithstanding this general rule, a district court in this circuit may exercise its discretion to require such disclosure "in a proper case."  United States v. Cole, 449 F.2d 194, 198 (8th Cir. 1971); see also White, 750 F.2d at 728 (explaining that district court has the discretion to order disclosure of the government's witnesses).

[3]We also do not condone the government's cavalier attitude taken in the district court concerning its failure to abide by the order, as exemplified in its pleading filed in response to DeCoteau's motion to strike the government's witnesses.  In that pleading, the prosecutor attempted to explain his tardy disclosure by asserting that "[i]n his defense, the prosecutor must state that if he was good at math and science, he would have been a doctor."  Government's Return To Def. DeCoteau's Mot. To Exclude Prosecution Witnesses at 1.

court orders, it must use the least severe sanction which will adequately punish the government and secure future compliance." United States v. Hastings, 126 F.3d 310, 317 (4th Cir. 1997), cert. denied, 118 S. Ct. 1388 (1998). "In determining a suitable and effective sanction, a court must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government." Id. Dismissing an indictment is appropriate only if the government's conduct has substantially prejudiced the defendant. See United States v. Tulk, 171 F.3d 596, 598 (8th Cir. 1999) ("To obtain dismissal of an indictment, a defendant must generally show both flagrant misconduct and substantial prejudice."); Manthei, 979 F.2d at 126-27 (holding that "absent flagrant and prejudicial prosecutorial misconduct, this court will find that the district court's dismissal of an indictment is an abuse of its discretion" (internal quotation marks omitted)); see also United States v. Morrison, 449 U.S. 361, 365 (1981) (holding that "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate"); United States v. Derrick, 163 F.3d 799, 808 (4th Cir. 1998) (explaining that federal circuit courts of appeals routinely hold that "an indictment may not be dismissed based on prosecutorial misconduct, absent a showing of prejudice to the defendant").

In this case, the district court sanctioned the government for violating the pretrial order without endeavoring to determine whether DeCoteau was prejudiced by the violation. Sanctioning the government by striking all of its witnesses and dismissing the indictment without first making any findings as to prejudice constitutes a clear abuse of discretion. See Manthei, 979 F.2d at 126-27; see also Derrick, 163 F.3d at 806 (holding that "the district court's dismissal of the defendants' indictments without a finding of prejudice is directly contrary not only to the precedent of this court, but also to clear and well-established Supreme Court precedent").

Based on the record before us, we fail to find that DeCoteau was sufficiently

prejudiced to justify striking all of the government witnesses and dismissing the indictment. The government claims that the missing addresses and telephone numbers in its October 31, 1998 disclosure were included in witness statements that the government provided to DeCoteau more than seventy days prior to trial. DeCoteau does not dispute this contention and, assuming this is true, we do not see how DeCoteau could have been prejudiced in light of his previous receipt of the names, addresses and phone numbers of the listed witnesses. Furthermore, the fact that the government disclosed its witnesses two days late, but still twelve days prior to trial, does not support a finding of prejudice, see United States v. Vitale, 728 F.2d 1090, 1093 (8th Cir. 1984) (defendant not substantially prejudiced by court's requiring government to disclose witness only four days prior to trial), especially in the absence of any suggestion by DeCoteau that a continuance would be necessary. See McLendon v. United States, 587 F.2d 384, 388-89 (8th Cir. 1978) (explaining that defendant's failure to request a continuance in light of government's failure to disclose witnesses prior to trial constitutes evidence that defendant was not prejudiced by lack of pre-trial disclosure); see also United States v. Bissonette, 164 F.3d 1143, 1145 (8th Cir. 1999) (holding that defendant's failure to request a continuance after government's delayed disclosure of a witness indicates a lack of prejudice).

Not only did the district court fail to analyze whether DeCoteau was prejudiced by the government's incomplete and tardy disclosure, but the court also failed to engage in any analysis concerning whether the government's conduct was done in bad faith and whether a less severe sanction would have been sufficient to remedy any prejudice DeCoteau may have suffered. Accordingly, we hold that the district court abused its discretion in striking the government's witnesses and dismissing the indictment.

## III.

For the foregoing reasons, we REVERSE and REMAND with instructions to reinstate the indictment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.