**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4294**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JEFFREY JOSEPH MCCOY, a/k/a Chris Wilson,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:10-cr-00536-RWT-1)

Submitted:  December 27, 2012   Decided:  January 10, 2013

Before GREGORY and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Erek L. Barron, WHITEFORD, TAYLOR & PRESTON, LLP, Bethesda, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Cheryl L. Crumpton, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jeffrey Joseph McCoy of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2006). He received a 156-month sentence. On appeal, McCoy argues the district court erred in denying his motion in limine to exclude the Government's expert witness's testimony regarding McCoy's intent to distribute drugs because McCoy was not given fair notice and disclosure of the testimony. McCoy also contends the trial court erred in limiting his probation officer's testimony concerning McCoy's drug use. We review the district court's evidentiary rulings for abuse of discretion, and generally will not reverse absent a showing of prejudice. United States v. Smith, No. 11-4336, ___ F.3d ___, 2012 WL 6554868, at *4 (4th Cir. Dec. 17, 2012). We affirm.

First, McCoy argues on appeal that the district court erred in admitting the testimony of Government expert witness Agent Barnes regarding drug trafficking on the grounds that Barnes was "insufficiently designated" and notice was untimely. Specifically, McCoy argues the Government's disclosure under Fed. R. Crim. P. 16(a)(1)(G) was particularly lacking in any basis for Barnes' opinion that the quantity of drugs in McCoy's

2

possession was more consistent with distribution than personal use, that drugs are almost always an impulse purchase, and that the amount of cash on McCoy's person was more consistent with distribution. McCoy further maintains that because the Government's expert witness disclosure changed three times the notice was untimely and left McCoy inadequate time to prepare.

Federal Rule of Criminal Procedure 16(a)(1)(G) requires the Government to give, at the defendant's request, a written summary of any expert testimony that it intends to use during its case-in-chief at trial. This summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). "As the rule's Advisory Committee Notes explain, Rule 16(a)(1)(G) 'is intended to minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" Smith, ___ F.3d at ___, 2012 WL 6554868 at *5 (quoting Fed. R. Crim. P. 16(a)(1)(G) Advisory Comm. Note to the 1993 amendment).

In its order, the district court concluded that the Government had met the requirements of Rule 16(a)(1)(G) as the Government provided, after McCoy filed a motion in limine (construed as a Rule 16 request), a written summary of expert testimony that described Barnes' opinions, the bases and the

reasons for those opinions, and his qualifications. The court further concluded that an additional continuance would cause delay and likely prejudice the Government. It further reasoned that the Government's initial letter of June 27, 2011, should have alerted McCoy to the possible need to secure an expert witness to rebut the Government's expert witness in the field of narcotics trafficking and in the interstate movement of firearms. At the very least, reasoned the district court, it should have prompted McCoy to make a request under Rule 16(a)(1)(G). We conclude the district court did not abuse its discretion in allowing Agent Barnes' testimony, finding no violation of Rule 16(a)(1)(G).[*]

Second, McCoy complains the district court abused its discretion in excluding the testimony of McCoy's probation officer regarding drug testing results. A salient aspect of

---

[*] To the extent McCoy asserts the Government's notice was untimely, this argument is without merit. Under Rule 16(a)(1)(G), the Government must give the defendant a written summary only after the defendant requests it. See United States v. Garza, 566 F.3d 1194, 1199-200 (10th Cir. 2009) (right to pre-trial notice not violated if defendant did not make a request for such notice); United States v. Johnson, 228 F.3d 920, 924 (8th Cir. 2000) (notice required only if defendant makes a request). In this case, the Government provided McCoy a written summary the day after he made the request. See United States v. Holmes, 670 F.3d 586, 598 (4th Cir. 2012) (noting that, because Rule 16 is silent as to the timing of expert witness disclosures, the appellate court reviews the district court's timeliness determination for abuse of discretion).

McCoy's defense at trial was that the drugs found in his possession were for personal consumption, not distribution. To that end, McCoy sought to introduce the testimony of his probation officer that McCoy tested positive for either cocaine or opiates on three separate occasions and that, on a number of occasions, McCoy cheated on the tests by a process called water loading. The Government objected, arguing that the probation officer had no involvement in the conducting of the drug tests, and no basis of knowledge with respect to the methodology employed. Furthermore, the Government argued, the probation officer's testimony that McCoy tested positive on various occasions would be hearsay. The court agreed with the Government that the probation officer could testify that she had the tests conducted and as a result that she filed a petition for a violation of the terms of probation, but that she could not personally testify as to the results.

McCoy argues for the first time on appeal that the court should have admitted the probation officer's testimony regarding the test results as non-hearsay evidence under the "business records exception" pursuant to Fed. R. Evid. 803(6). Because McCoy failed to argue for the admission on this ground below, we review this argument for plain error. See Fed. R. Crim. P. 52(b); Puckett v. United States, 129 S. Ct. 1423, 1428-29 (2009).

5

The proponent of "records of a regularly conducted activity" must establish through the custodian or other qualified witness that (A) the record was made at or near the time by - or from information transmitted by - someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; and (C) making the record was a regular practice of that activity. See Fed. R. Evid. 803(6)(A)-(C). Assuming McCoy had sought to introduce the drug test results under Rule 803(6), the probation officer would not have served as a qualified witness as she had no basis to know when the records were made, by whom, or whether they were kept as a part of regularly conducted business.

In any event, McCoy cannot show resulting prejudice as he introduced the challenged testimony through his own testimony. He testified that as a condition of his probation, he underwent multiple drug tests and that he tested positive "a couple of times." Defense counsel then argued to the jury during closing arguments that McCoy had intended to use the crack cocaine for personal consumption, not distribution. We conclude McCoy fails to meet the high burden of establishing plain error.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

6

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED