# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1796

———————————————

United States of America

*Plaintiff - Appellee*

v.

Christopher J. Kessler

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: February 14, 2019
Filed: June 12, 2019

————————

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

————————

STRAS, Circuit Judge.

A jury found Christopher Kessler guilty of two drug crimes. He claims that he is entitled to a new trial because he received inadequate notice of what an expert witness planned to say. We affirm.

## I.

Police officers recovered two baggies in Kessler's pockets, one containing 53.5 grams of methamphetamine and the other 7 grams of marijuana. Prosecutors filed two charges against him: possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A); and possession of marijuana, *id.* § 844(a). Kessler's defense to the methamphetamine charge was that the drugs were for his own personal use, not for sale or distribution.

To counter this defense, the government filed a notice several weeks before trial that it would call police detective Kevin Nightingale to provide expert testimony about the "methods used by drug traffickers including how methamphetamine is transported, packaged and sold; trafficking amounts versus user amounts of methamphetamine, including amounts typically sold; and the dollar values of methamphetamine." Kessler moved to exclude Nightingale's testimony, arguing, among other things, that the government had not provided enough detail in its notice. *See* Fed. R. Crim. P. 16(a)(1)(G) (requiring the government to provide a "written summary" of any planned expert testimony "[a]t the defendant's request"). To address Kessler's concerns, the district court[1] allowed defense counsel to question Nightingale at a special hearing the morning before trial. The court then denied Kessler's motion.

Immediately before Nightingale's testimony on the second day of trial, Kessler again objected, this time to the government's failure to disclose Nightingale's estimate of the value of the methamphetamine in Kessler's possession. The court ordered the government to disclose this information and called a one-hour recess. After the recess, Nightingale testified that the 53.5 grams of

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

methamphetamine found in Kessler's pockets was worth approximately $1,600. The jury eventually found Kessler guilty of both counts.

## II.

The question on appeal is whether the district court abused its discretion when it refused to exclude Nightingale's testimony about the value of the methamphetamine. *See United States v. Buchanan*, 604 F.3d 517, 524 (8th Cir. 2010) (setting out the standard of review). In answering this question, we assume, but do not decide, that the government's notice was deficient.

The deficiency, if there was one, did not go unremedied. The district court ordered the government to disclose the dollar value of the methamphetamine and provided a one-hour recess that allowed defense counsel to prepare a response. *See United States v. Shepard*, 462 F.3d 847, 866 (8th Cir. 2006) (stating that potential remedies include "*order[ing] the government to disclose the evidence*, grant[ing] a continuance, prohibit[ing] use of the evidence at trial, or 'enter[ing] any other order that is just under the circumstances'" (quoting Fed. R. Crim. P. 16(d)(2)) (emphasis added)). For two reasons, the district court's response was not an abuse of its discretion.

First, Kessler knew ahead of time that one of the expected topics of Nightingale's testimony would be "the dollar values of methamphetamine." To be sure, the notice did not provide details about what exactly Nightingale would say. *See* Fed. R. Crim. P. 16(a)(1)(G) (stating that the government's "summary" must "describe the witness's opinions [and] the bases and reasons for those opinions"). But the district court was still entitled to conclude that Kessler's attorney was not blindsided by his testimony, as he claimed, and that a remedy other than complete exclusion was appropriate. *Cf. United States v. DeCoteau*, 186 F.3d 1008, 1010 (8th Cir. 1999) ("When a court sanctions the government in a criminal case for its failure

to obey court orders, it must use the least severe sanction which will adequately punish the government and secure future compliance." (citation omitted)).

Second, Kessler's attorney had the opportunity to question Nightingale beforehand. *Cf. United States v. Tenerelli*, 614 F.3d 764, 773 (8th Cir. 2010) (affirming the district court's decision not to exclude an expert witness's testimony, in part because the government had made her "reasonably available to defense counsel prior to trial"). Rather than taking the opportunity to ask about the value of the methamphetamine, however, he focused on other aspects of Nightingale's anticipated testimony, such as what he planned to say about "trafficking amounts versus user amounts of methamphetamine."

Under these circumstances, the district court could have reasonably concluded that Kessler's mid-trial demand for exclusion was overkill. Indeed, Kessler's counsel never explained how the incomplete disclosure prejudiced his client or why only a more drastic remedy like exclusion would cure any harm. *See United States v. Camacho*, 555 F.3d 695, 704 (8th Cir. 2009) (holding that the district court did not abuse its discretion in admitting expert testimony over the defendant's lack-of-notice objection because he "neither demonstrated nor alleged prejudice"). Accordingly, the court did not abuse its discretion when it ordered disclosure to remedy the government's allegedly defective notice.

III.

We affirm the judgment of the district court.

_____

-4-