# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3936

_____

United States of America,     *
    *
      Appellee,     *
    *   Appeal from the United States
    v.     *   District Court for the
    *   District of Minnesota.
Marek Jerzy Struzik,     *
    *
      Appellant.     *

_____

Submitted: June 10, 2009
Filed: July 13, 2009

_____

Before COLLOTON, JOHN R. GIBSON and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Marek Struzik appeals his 12-month sentence[1] after pleading guilty to one count of alien smuggling in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i) & (a)(1)(B)(i). Struzik contends the district court[2] did not fully consider the sentencing factors in 18 U.S.C. § 3553(a) or sufficiently explain its sentencing decision. He also challenges his sentence as substantively unreasonable. We affirm.

_____

[1]The district court also imposed a three-year term of supervised release and ordered Struzik to pay a special assessment in the amount of $100.

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

## I.    BACKGROUND

In August 2008, Struzik, a native of Poland, was indicted on one count of alien smuggling after he admitted helping two other men cross the Canadian border and enter the United States illegally.  Struzik pleaded guilty in September 2008 and a presentence investigation report was prepared.  The final PSR indicated Struzik had no criminal history in this country.  The PSR revealed, however, that Struzik was detained in October 2007, aboard a vessel in Culebra, Puerto Rico, on suspicion of smuggling Polish nationals into the United States.  The PSR also recounted several instances of criminal conduct in Poland.  Specifically, according to Paragraph 27:

> The Interpol office in Warsaw, Poland, reported that [Struzik] was arrested on January 3, 2002.  He was accused of supplying fake invitations to Polish nationals to appear at the U.S. Consulate in Krakow to obtain legal U.S. visas.  Once the visas were obtained, [Struzik] sold the documents to unknown individuals.  Additionally, he was accused of aggravated threats against a Polish national in order to force him to obtain a U.S. visa in Krakow in 2002.  A total of 18 people were charged in the case. [Struzik] was found guilty.

The foreign incidents did not count in the criminal history calculation, however, and so the PSR placed Struzik in category I, assigned him a total offense level of ten and calculated an advisory Guidelines range of 6-12 months.  The PSR also indicated that an upward departure might be warranted due to understated criminal history.

In a sentencing memorandum, Struzik noted several objections to the PSR.  He first objected to the inclusion of, and to any departure based on, the incident in Puerto Rico, because he was not charged with anything as a result of the incident.  Struzik also objected to any departure based on the information in paragraph 27, stating:

> The limited information contained in that paragraph does not support an upward departure.  Even if the Court finds [Struzik] was convicted of an

offense in Poland in 2002, there is no indication that he was imprisoned, and the resulting conviction, if counted as 1 criminal history point, would not increase [his] criminal history category under the guidelines. Therefore, the [advisory] range would remain at 6-12 months . . . .

Struzik also asked for leniency in light of various factors, and requested a sentence of time served and immediate release to immigration authorities.

Thereafter, the government obtained a continuance to further investigate Struzik's Polish criminal record. The government later filed its own sentencing memorandum, indicating it learned through FBI agents with the State Department that Struzik had a November 2003 Polish conviction for Selling Identification Documents and a July 2004 Polish conviction for Aggravated Threat, for which he was sentenced to 18 months' and 13 months' imprisonment, respectively, and that he also received two years' conditional probation in February 2006, for an unknown offense. The government urged the court to depart upward to a sentence of 16 months' to account for Struzik's alleged prior smuggling activities and foreign criminal convictions.

The government received additional documentation relating to Struzik's Polish criminal record before the sentencing hearing. Although that document is not in the appellate record, we understand from oral argument that it was the original Polish document from which the information about Struzik's Polish criminal history was derived. The sentencing transcript reflects that Struzik, along with his attorney and his translator, the probation office and the district court also had a chance to review that document before the hearing. At the hearing, Struzik's attorney disputed the government's interpretation of that document, arguing:

And I know that the Government's position is that this document indicates convictions in Poland for two offenses and then also a – a probationary setting. I'm not certain if the Government is taking a position that that arose from a separate conviction, but in any event, it's clear from the document that there was only one case number. Mr.

Struzik indicate[d] that there was only one case and that there was only one sentence given. And that he was – although there [are] different dates on this, it was his understanding it was one case.

Thus, counsel objected "to the Court accepting the Government's position without additional information that there are, in fact, separate convictions with different date[s] of offenses." The Assistant United States Attorney later told the court she received the information from an agent she used to work with in Utah and was relying on his translations, and she understood that Struzik had two separate prior convictions.

After hearing arguments on the appropriate sentence, the district court first indicated it would not consider the incident in Puerto Rico in sentencing Struzik. The court then noted there were no objections to the PSR's remaining factual allegations and adopted those facts and the PSR's Guidelines calculation without objection. The court thereafter declined to depart upward from the advisory range, and imposed a 12-month sentence. In so doing, the court indicated it considered "the nature and circumstances of the instant offense, as well as the history and the characteristics of the defendant, including information about [Struzik's] criminal convictions in Poland," and found 12 months to be "sufficient but not greater than necessary to afford adequate deterrence to future criminal conduct." This appeal follows.

## II.    DISCUSSION

In reviewing a criminal sentence, we first consider whether the district court committed any significant procedural errors, such as "failing to consider the § 3553(a) factors" or "failing to adequately explain why a sentence was chosen." United States v. Zastrow, 534 F.3d 854, 855 (8th Cir. 2008) (quotation omitted). We then review the sentence for substantive reasonableness under an abuse-of-discretion standard, according a rebuttable presumption of a reasonableness to a sentence within the advisory range. Id. at 855-56.

With those standards in mind, we turn to Struzik's arguments. Struzik first contends the district court failed to fully consider the § 3553(a) factors and to adequately explain the chosen sentence. We disagree. To determine whether a district court considered the § 3553(a) factors in a given case, we look to "the entire sentencing record, not merely the district court's statements at the hearing." United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) (quotation omitted). And in considering the related matter of whether the district court sufficiently explained the sentence imposed, we bear in mind that the court need not specifically respond to every argument made by the defendant, id., or mechanically recite each § 3553(a) factor. United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir.), cert. denied, 129 S. Ct. 2452 (2009). Rather, the district court must simply "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2468 (2007)). Here, the record indicates the court had "significant exposure" to the mitigating and aggravating factors at issue, from the PSR, the parties' sentencing memoranda and their arguments at the sentencing hearing. Battiest, 553 F.3d at 1136. Moreover, the court clearly weighed those arguments carefully because it resolved one issue–the government's motion for an upward departure–in Struzik's favor. See id. (concluding the court's resolution of a disputed sentencing issue in the defendant's favor evidenced its careful consideration of both parties' arguments). Finally, after considering those materials and listening to the parties' arguments, the judge imposed a sentence which he justified by specific reference to several § 3553(a) factors. On this record, we are satisfied the district court fully considered those factors and sufficiently explained its decision.

We do not agree, as Struzik's attorney suggested at oral argument, that the court's explanation was lacking because the court said it considered the "information about [Struzik]'s criminal *convictions* in Poland," but did not detail its findings as to the exact number or nature of those prior convictions or explain how those findings

impacted its decision. It is true the parties did not agree on the exact number of prior convictions. We note, however, that regardless of whether his Polish offense conduct resulted in one or two convictions, Struzik did not object to the PSR's description of that conduct or dispute the government's assertion that he was found guilty of all of that conduct. Rather, he first argued that the information in paragraph 27 did not warrant an upward departure and later, that all of the Polish offense conduct attributed to him was prosecuted under a single case number and resulted in a single sentence.[3] Under these circumstances, the district court could certainly consider all of that conduct in fashioning Struzik's sentence. See United States v. Schlosser, 558 F.3d 736, 740 (8th Cir. 2009) (noting there is no limitation "'on the information concerning the background, character, and conduct of a person'" that may be considered at sentencing) (quoting 18 U.S.C. § 3661); United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008) (noting that a district court may accept as true any facts in the PSR to which the defendant does not specifically object), cert. denied sub nom. Rubio-Guerrero v. United States, 129 S. Ct. 1365 (2009). And under such circumstances, we do not believe that either the court's use of the word "convictions," rather than "conviction," or its failure to set forth detailed findings on the exact number and nature of Struzik's prior convictions before imposing a sentence within the advisory range amounts to significant procedural error. Thus, Struzik's sentence is procedurally reasonable.

---

[3]To the extent Struzik suggested through counsel at oral argument that he never conceded involvement in any conduct of a threatening nature, we disagree. To the contrary, after indicating it would not consider the incident in Puerto Rico, the district court noted there were no objections to the PSR's other factual allegations and adopted them without objection. By failing to object, specifically and clearly, to the allegations in paragraph 27 relating to his alleged threats against a Polish national (or any other facts set forth therein, for that matter), Struzik conceded the truth of those allegations and the district court could rely on those facts at sentencing. United States v. Razo-Guerra, 534 F.3d 970, 976 (8th Cir. 2008), cert. denied sub nom. Rubio-Guerrero v. United States, 129 S. Ct. 1365 (2009).

We also find Struzik's sentence substantively reasonable. As noted above, our review here is for an abuse of discretion, and we treat Struzik's within-Guidelines sentence as presumptively reasonable. Zastrow, 534 F.3d at 855-56. An abuse of discretion occurs "where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Moore, 565 F.3d 435, 438 (8th Cir. 2009) (internal quotation omitted). For the reasons just discussed, however, we reject Struzik's argument that the district court relied on an improper factor by considering his Polish criminal record. Moreover, we find no indication that the court either failed to consider the mitigating factors Struzik discusses in his brief or erred in concluding, after weighing those and the other relevant factors, that a 12-month sentence was warranted in this case.

## III.   CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

_____