# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3941

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Magdaleno Diaz-Morales, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 14, 2010
Filed: June 22, 2010

_____

Before BYE, CLEVENGER,[1] and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Magdaleno Diaz-Morales pleaded guilty to unlawful re-entry after removal in violation of 8 U.S.C. §§ 1326(a), (b)(2) and 6 U.S.C. §§ 202, 557. After calculating a United States Sentencing Guidelines range of 57 to 71 months, the district court[2] sentenced Diaz-Morales to forty-eight months imprisonment. Diaz-Morales appeals, arguing the sentence is unreasonable and the district court failed to consider or did not

_____

[1]The Honorable Raymond C. Clevenger, III, Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

give enough weight to his history and circumstances under 18 U.S.C. § 3553(a). We affirm.

Diaz-Morales entered the United States from Mexico in 1966 and became a lawful permanent resident in 1988. In 1996, Diaz-Morales was convicted of possession with intent to distribute cocaine and, following imprisonment, was deported to Mexico. After illegally re-entering the United States, Diaz-Morales was deported a second time in 2003. Diaz-Morales illegally re-entered the United States again, and was convicted of second-degree possession of cocaine in 2005. After serving his prison sentence, he was deported for a third time in 2007. Diaz-Morales again illegally re-entered the country and, on March 27, 2009, was arrested for giving a police officer a false name after he applied for a job using the false name. Diaz-Morales pleaded guilty to the crime of unlawful re-entry after removal and was sentenced to forty-eight months imprisonment.

In a plea agreement, the government and Diaz-Morales concluded his offense level was 21 under the Sentencing Guidelines and his criminal history level was III or IV. The district court found Diaz-Morales' criminal history level to be IV, which resulted in a Guideline range of 57 to 71 months imprisonment. Diaz-Morales requested a sentence of no more than twenty-four months, arguing a greater sentence would be unreasonable under 18 U.S.C. § 3553(a) due to his circumstances and history in the United States.

At the sentencing hearing, neither party objected to the findings of fact or the Guideline calculations set forth in the Presentence Report (PSR). Defense counsel again argued for a significantly reduced sentence for Diaz-Morales. The district court sentenced Diaz-Morales to forty-eight months imprisonment, which was a nine-month downward variance from the Guidelines range minimum. Diaz-Morales appeals, contending his sentence is unreasonable and the district court failed to give

proper weight to his work history, strong ties to the United States, his family, and the reasons he committed the drug offenses.

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.' " Gall v. United States, 552 U.S. 38, 46 (2007). We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." Id. at 41. First, this court must ensure the district court committed no significant procedural error at sentencing. Id. at 51. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Id. "If the district court's decision is procedurally sound, then we will consider the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard." United States v. Braggs, 511 F.3d 808, 812 (8th Cir. 2008).

Diaz-Morales has not identified evidence in the record indicating the district court committed a significant procedural error. The district court is not required to specifically respond to every argument made by the defendant; rather the district court must show it considered the parties' arguments and had a reasoned basis for reaching its conclusion. United States v. Struzik, 572 F.3d 484, 487 (8th Cir. 2009). It is evident the district court considered Diaz-Morales' history and circumstances in sentencing Diaz-Morales to forty-eight months imprisonment. The district court had exposure to the factors and arguments presented on appeal by Diaz-Morales in the PSR and the parties' sentencing memoranda. See United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009) ("Those documents addressed the § 3553 factors, [defendant's] life history, and parties' recommendations for sentences that they considered sufficient but not greater than necessary. [T]he district court had significant exposure to the sentencing issues [defendant] claims it failed to adequately consider."). Further, it is evident the district court examined those materials and

considered both the parties' arguments. This is especially apparent given the district court's imposition of a sentence nine months below the Guidelines range. For these reasons, the district court committed no procedural error at sentencing.

We also conclude the district court did not abuse its discretion by imposing an unreasonable sentence. An abuse of discretion occurs "where the sentencing court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Moore, 565 F.3d 435, 438 (8th Cir. 2009) (quoting United States v. Kowal, 527 F.3d 741, 749 (8th Cir. 2008)). "As the case law in the courts of appeals since Gall demonstrates, it will be the unusual case when we reverse a district court sentence--whether within, above, or below the applicable Guidelines range--as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). Diaz-Morales contends his sentence is unreasonable because of his work history, strong ties to the United States, his family, and the reasons he committed the drug offenses. The district court considered those arguments but found they were not sufficiently compelling to warrant a greater variance. The district court acted within its discretion in determining the extent of the variance. See United States v. Price, 542 F.3d 617, 622 (8th Cir. 2008) (district court is acting within its discretion when imposing a below-Guidelines sentence after considering all evidence). Giving deference to the district court's decision, we conclude the sentence of forty-eight months is not unreasonable.

Accordingly, we affirm the judgment of the district court.

_____