# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1605

_____

United States of America,        *
                                *

        Appellee,       *

                                *   Appeal from the United States
      v.                  *   District Court for the Eastern
                                *   District of Arkansas.

Donald Bratton, Jr.,        *

                                *   [UNPUBLISHED]
        Appellant.     *

_____

Submitted: July 14, 2010
Filed: July 20, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Donald Bratton, Jr., appeals the sentence that the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g). Counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence is substantively unreasonable because the court did not properly weigh the 18 U.S.C. § 3553(a) factors. In a pro se supplemental brief Bratton argues that the government breached its agreement to move for a reduced sentence, and counsel was ineffective.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

We conclude that the district court did not abuse its discretion by imposing a substantively unreasonable sentence. See United States v. Struzik, 572 F.3d 484, 487 (8th Cir. 2009) (standard of review). Bratton's within-Guidelines-range sentence is presumed reasonable on appeal, and we find no indication that the court failed to consider any relevant section 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the factors. Id. at 487-88 (sentence within Guidelines range is accorded appellate presumption of reasonableness; listing circumstances where court abuses its discretion, resulting in substantively unreasonable sentence). As to the pro se arguments, we decline to consider Bratton's newly raised contention that the government breached the plea agreement, see Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (declining to consider claims first raised on appeal), and Bratton's ineffective-assistance claim is not properly raised in this direct criminal appeal, see United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue for appeal. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____