# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2837

_____

United States of America,      *
*
         Appellee,     *
*    Appeal from the United States
    v.     *    District Court for the
*    Eastern District of Missouri.
Lais Mohammad Noori,     *
*        [UNPUBLISHED]
         Appellant.     *
*

_____

Submitted: May 9, 2011
Filed: July 1, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Appellant Lais Noori challenges his sentence of 30 months' imprisonment, arguing that (1) the district court[1] erred by not *sua sponte* applying a minor-role downward adjustment to his offense level, and (2) the district court failed to consider relevant information about Noori's background and gave improper weight to the quantity of drugs involved in the offense, thereby arriving at an unreasonable sentence. We affirm.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern and Western Districts of Missouri.

On April 14, 2010, Noori pled guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846. As part of Noori's plea agreement, the parties stipulated to facts relevant to sentencing and agreed that the only known applicable downward adjustment was for acceptance of responsibility. The United States Probation Office prepared a Presentence Investigation Report (PSR), calculating a total offense level of 23, which included a three-level downward adjustment for acceptance of responsibility, and a criminal history category of I. The resulting advisory United States Sentencing Guidelines range was 46 to 57 months' imprisonment. On August 6, 2010, the district court held a sentencing hearing. At the hearing, Noori's counsel made no objections to the PSR and said Noori had no departure motions. After hearing arguments from both sides about the applicability of the 18 U.S.C. § 3553(a) sentencing factors, the district court sentenced Noori to 30 months' imprisonment, a 16-month downward variance from the bottom of the advisory Guidelines range. Noori appeals this sentence on several grounds.

First, Noori argues the district court erred by failing to grant him a downward adjustment in his offense level based on the insignificance of Noori's role in the conspiracy. See U.S.S.G. § 3B1.2(b) (two-level decrease in offense level is appropriate if defendant was a "minor participant" in the criminal activity). Because Noori (1) signed a plea agreement that stipulated that the only relevant downward adjustment was for acceptance of responsibility; (2) failed to object to the PSR, which contained only a downward adjustment for acceptance of responsibility; and (3) did not seek "an adjustment under § 3B1.2 from the District Court during sentencing," we review only for plain error. United States v. Nichols, 151 F.3d 850, 854 (8th Cir. 1998). Under plain-error review, we reverse only if "the error was so prejudicial as to have affected substantial rights resulting in a miscarriage of justice." United States v. Weaver, 554 F.3d 718, 722 (8th Cir. 2009) (internal quotation omitted), cert. denied, 130 S. Ct. 140 (2009). The district court did not commit plain error by failing

to apply a minor-role adjustment. The facts in this case do not require such a reduction. Although Noori points to evidence that some of his co-conspirators were more culpable than he was, this alone does not entitle him to a minor-role reduction. "[M]erely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was 'deeply involved' in the offense." United States v. Bush, 352 F.3d 1177, 1182 (8th Cir. 2003); see also United States v. Rodamaker, 56 F.3d 898, 904 (8th Cir. 1995) (although wife may have been less culpable than husband, no minor-participant reduction because she had "important role" in scheme). In the instant case, there is ample evidence that Noori was "deeply involved" in the conspiracy. The stipulated facts reveal that Noori was present at all four meetings planning the exchange of a vehicle for two kilograms of cocaine and that Noori knew the quantity of cocaine involved in the deal. Given this involvement, the district court did not plainly err by failing to *sua sponte* apply a minor-role reduction. See United States v. McGrady, 97 F.3d 1042, 1043 (8th Cir. 1996) (drug courier was not entitled to minor-role adjustment); United States v. Wilson, 102 F.3d 968, 973 (8th Cir. 1996) (bodyguard and driver not entitled to adjustment).

Second, Noori argues that his sentence is substantively unreasonable because the district court did not adequately consider Noori's personal history and put undue weight on the quantity of drugs involved in the offense. We review the reasonableness of a defendant's sentence in light of the factors laid out in § 3553(a) and reverse only if the sentencing court abused its discretion. United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). A district court abuses its discretion where it "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Id. Here, the district court did none of these things. After determining the applicable Guidelines range, the district judge properly began considering the § 3553(a) factors. The court referenced Noori's sentencing memorandum and provided Noori and his counsel with a significant opportunity for

allocution. Noori argues the court erred because it did not specifically mention his history as a survivor of war when giving its reasons for imposing Noori's sentence. However, while a district court is required to provide reasons for its chosen sentence, it is not required to specifically address each argument made by a defendant. United States v. Struzik, 572 F.3d 484, 487 (8th Cir. 2009). Here, the record clearly indicates the sentencing court had "significant exposure" to the mitigating evidence about Noori's background and that it considered the parties' arguments. Id. Noori also argues that the district court placed too much emphasis on the quantity of drugs involved in the offense. However, drug quantity is a relevant sentencing consideration. While the district court's statement of its reasoning did suggest drug quantity played a significant role in the court's decision, abuse-of-discretion review does not allow us to reverse merely because a defendant disagrees with the weight the court gives a particular factor. United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). Noori has not pointed to any clear error in the district court's weighing of relevant sentencing factors, especially in light of the fact that Noori's sentence was 16-months below the advisory Guidelines range. United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) ("[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further.") (internal quotation omitted).

For the foregoing reasons, we affirm.

_____