# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3822

_____

United States of America

*Plaintiff - Appellee*

v.

David Lee Davis, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 8, 2013
Filed: June 19, 2013
[Unpublished]

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

David Lee Davis, Jr., appeals from the judgment of the district court[1] sentencing him to 262 months' imprisonment. Davis argues that the district court

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

erred in denying his motion for a downward variance before affording him an opportunity to allocute and in imposing an unreasonable sentence. We affirm.

Under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), the district court must, before imposing sentence, "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence[.]" This rule does not, however, "give [a defendant] the right to address the court at any particular time before the court imposes sentence." United States v. Diaz-Arenas, 46 F.3d 784, 785 (8th Cir. 1995) (per curiam). "We have found no error as long as the court gives the defendant an opportunity to speak prior to the imposition of sentence." United States v. Hoffman, 707 F.3d 929, 937-38 (8th Cir. 2013).

After hearing the parties' arguments on Davis's motion for a downward variance, the district court stated: "I recognize that I can vary or depart if I wanted to here for overstated criminal history or for any other reason. . . . This is not a case where I feel compelled to do that." After further explanation by the district court, Davis's counsel advised the court that Davis "would also like to allocute before his sentence is pronounced." The district court responded that Davis "certainly" could allocute and that "[m]aybe that will change my mind." After the allocution, the district court provided additional explanation before imposing the sentence. In these circumstances, Davis was not denied his right to presentence allocution. See United States v. Barrett, 552 F.3d 724, 728 (8th Cir. 2009) (no plain error where the district court, "[a]fter indicating its intention to impose a 120-month sentence on Count 1, . . . allowed [the defendant] an opportunity to speak . . . [and] then imposed a 120-month sentence on Count 2" (internal citation omitted)); United States v. Boose, 403 F.3d 1016, 1017 (8th Cir. 2005) (per curiam) (affirming judgment where the district court "indicated its intention to impose a 270-month sentence, [but] no sentence was imposed until after giving [the defendant] the opportunity to speak" and "assured [the defendant] that it would listen to what he had to say" before imposing sentence).

With respect to Davis's second argument, we conclude that the district court did not commit significant procedural error or abuse its discretion and that the sentence—which was at the bottom of the United States Sentencing Guidelines range—was not substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (standard of review); United States v. Struzik, 572 F.3d 484, 488 (8th Cir. 2009).

The judgment is affirmed.

_____