# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1298
_____

United States of America

*Plaintiff - Appellee*

v.

Christian Maldonado

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: December 3, 2013
Filed: December 9, 2013
[Unpublished]
_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Christian Maldonado pleaded guilty to conspiracy to possess with intent to distribute methamphetamine and conspiracy to distribute methamphetamine, 21

U.S.C. §§ 841, 846. The District Court[1] sentenced him at the bottom of the Sentencing Guidelines range to 235 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was procedurally unsound and substantively unreasonable because the court did not specifically address, and did not properly weigh and consider, the sentencing factors in 18 U.S.C. § 3553(a).

After careful review, we hold that the record shows that the court adequately considered the sentencing factors. The court considered and adopted the presentence report; heard sentencing arguments from Maldonado and the government regarding the nature and circumstances of the offense and Maldonado's history and characteristics; considered Maldonado's need for training and correctional treatment, recommended his participation in educational and vocational programs, and ordered him to complete substance-abuse treatment; and stated that it believed the sentence met the criteria that the court was obligated to consider. See United States v. Struzik, 572 F.3d 484, 487 (8th Cir. 2009) (noting that a district court need not mechanically recite the § 3553(a) factors provided that the record is clear that the court actually considered them). There were no significant procedural errors, and the bottom-of-the-Guidelines-range sentence was substantively reasonable. See id. (describing the standard for reviewing sentences and noting that a presumption of reasonableness may apply if a sentence is within the Guidelines range).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the conviction and sentence, and we grant counsel's motion to withdraw.

_____

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.