# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2745

_____

United States of America

*Plaintiff - Appellee*

v.

Joe Willis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 6, 2017
Filed: March 15, 2017
[Unpublished]

_____

Before RILEY, Chief Judge, GRUENDER and KELLY, Circuit Judges.

_____

PER CURIAM.

Joe Willis pleaded guilty to one count of using a communication facility to facilitate a drug offense, in violation of 21 U.S.C. § 843(b). The district court[1]

_____

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

sentenced him to 48 months' imprisonment to run concurrent with his sentence on a state charge for which he was already incarcerated. Willis appeals his sentence, and we affirm.

On December 2, 2014, deputies of the Lonoke County Sheriff's Office discovered 125.3 grams of methamphetamine in Willis's vehicle. Willis was arrested, and the State of Arkansas charged him with possession of methamphetamine with purpose to deliver. Willis pleaded guilty and was sentenced to 84 months in the Arkansas Department of Corrections.

On March 3, 2015, Willis was charged by superseding indictment in the instant case. The indictment alleged that, from around June 2013 to October 10, 2014, Willis and thirty-four other defendants conspired to distribute methamphetamine ("conspiracy count"). *See* 21 U.S.C. § 846. The indictment also charged Willis with two counts of using a communication facility to facilitate a drug offense based on alleged telephone conversations he had in October 2014 ("phone counts"). *See* 21 U.S.C. § 843(b). Lastly, the indictment charged Willis with one count of possession with intent to distribute methamphetamine based on the December 2, 2014 incident which led to his state court conviction ("possession count"). *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

On October 23, 2015, Willis pleaded guilty to one of the phone counts in exchange for the Government's agreement to move to dismiss the three remaining counts. The Pre-Sentence Investigation Report calculated Willis's guideline range to be 48 months of imprisonment, the statutory maximum for the phone count. *See* 21 U.S.C. § 843(d)(1); U.S.S.G. § 5G1.1(a). It also stated that, pursuant to United States Sentencing Guideline § 5G1.3(b), the court should adjust the sentence for any period of imprisonment already served for convictions that are relevant conduct to the instant offense, and it noted that Willis had "been in custody since December 2, 2014, for a conviction that is relevant conduct."

At the sentencing hearing, the district court agreed that Willis's conviction in state court was "relevant conduct" to the instant offense. As a result, the court adjusted the recommended guideline sentence from 48 months to 30 months to account for the 18 months that Willis had been in state custody following the December 2, 2014 arrest.

The district court then heard argument regarding whether it should vary upward from 30 months. The court noted that several other defendants charged in the superseding indictment received sentences of 48 months after each pleaded guilty to one phone count, and it asked whether a sentence of 30 months would give Willis "a windfall, a lower sentence, even though the conduct is roughly similar to these other people." Counsel for Willis responded that the other defendants were not serving a state sentence based on relevant conduct and thus "it's not a windfall because he's actually serving a sentence that's longer than those other folks got." The Government countered that although Willis's conduct was similar to that of the other defendants "in terms of what he was doing on the phone," Willis "also did something to earn that time in [state prison] that the other people didn't, and that is driving with this quarter pound of methamphetamine." The Government also pointed out that if Willis had pleaded guilty to the federal possession count, which carries a statutory maximum sentence of 40 years, the low end of his guideline range would have been 84 months instead of 48 months. *See* 21 U.S.C. § 841(b)(1)(B).

After hearing this argument, the district court decided to impose a sentence of 48 months, to run concurrent with Willis's state sentence. *See* U.S.S.G. 5G1.3(b)(2). The court acknowledged that the guidelines suggested a lower sentence because of the time Willis already served on the state conviction but concluded that "there is the real potential for a windfall" if it imposed a sentence of less than 48 months. Willis objected to the sentence, and he now appeals.

In reviewing a sentence, we first ask whether the district court committed "significant procedural error," such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "Absent procedural error, we should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Cole*, 721 F.3d 1016, 1024 (8th Cir. 2013) (quotations omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (quotations omitted).

First, Willis argues that the district court procedurally erred by failing to adequately explain its chosen sentence. In considering "whether the district court sufficiently explained the sentence imposed, we bear in mind that the court need not specifically respond to every argument made by the defendant or mechanically recite each § 3553(a) factor." *United States v. Struzik*, 572 F.3d 484, 487 (8th Cir. 2009) (citations omitted). Rather, we ask whether the district court has "set forth enough to [show] that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.*

Here, we find no procedural error in this regard. The district court stated that it understood the argument that "the guidelines suggest the lower sentence because of the time that [Willis] already served on this state conviction for conduct that the guidelines consider relevant." The court then explained that it nevertheless believed that it must "be fair across the various members of the group and to treat similarly situated people similarly." *See* § 3553(a)(6) (stating that the court shall consider "the

-4-

need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Thus, the court adequately explained the reason for its sentence.

Second, Willis argues that the district court abused its discretion by giving significant weight to an improper factor and by clearly erring in weighing the factors. Specifically, Willis contends that the district court's reasoning that he would receive a windfall if he received a 30-month sentence was incorrect. Willis claims that a 30-month federal sentence in addition to his state sentence would allow him to spend approximately the same total amount of time in prison as the similarly situated defendants. In contrast, with a 48-month federal sentence, he claims he will serve 18 months more than the similarly situated defendants.

However, Willis ignores the fact that he committed an additional crime justifying the extra time. Willis and the similarly situated defendants pleaded guilty only to the phone counts, but Willis also was convicted of the state offense of possessing methamphetamine with purpose to deliver. Although the additional crime of possession may have been "relevant" to the phone count, it does not mean that Willis should serve the same amount of total prison time as other defendants who were convicted only of the same phone offense. Indeed, as the Government noted at sentencing, if Willis also had been convicted of the possession count in federal court, the low end of his guidelines range would have been 84 months instead of 48 months. Because the federal possession count was dismissed, Willis is serving only a state sentence for this additional crime. Thus, the district court did not abuse its discretion in varying upward to prevent Willis from receiving a lesser federal sentence than similarly situated defendants who committed the same crime.

Third, Willis argues that the district court violated Federal Rule of Criminal Procedure 32(h), which requires a court to provide "reasonable notice that it is contemplating . . . a departure" from "the applicable sentencing range." Fed. R. Crim.

-5-

P. 32(h). However, the notice required under Rule 32(h) "is not required when the adjustment to the sentence is effected by a variance, rather than by a departure." *United States v. Long Soldier*, 431 F.3d 1120, 1122 (8th Cir. 2005). Because the court imposed a variance instead of a departure, no notice was required.

Lastly, Willis argues that, under 18 U.S.C. § 3585(b), he is entitled to pre-sentence custody credit against his federal sentence for all of his pre-sentence incarceration. However, § 3585(b) applies only to the United States Attorney General acting through the Bureau of Prisons, and the issue is not ripe for review until the Attorney General makes a sentence credit determination. *See United States v. Westmoreland*, 974 F.2d 736, 738 (6th Cir. 1992) ("Until the Attorney General makes a sentence credit determination under section 3585(b), the case is not ripe for review by the District Court.").

Therefore, we affirm the judgment of the district court.

_____