# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2186

_____

United States of America

*Plaintiff - Appellee*

v.

Antony Sallis, also known as Tony

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: April 13, 2020
Filed: July 21, 2020
[Unpublished]

_____

Before BENTON, BEAM, and KOBES, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Antony W. Sallis to ten months in prison for violating his supervised release. He appeals, arguing the court abused its discretion by

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

failing to consider improvements in his employment status and living arrangements. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2011, Sallis was sentenced to 70 months in prison and five years of supervised release for conspiracy to distribute 50 grams or more of pure methamphetamine. In August 2016 and again in August 2017, the court revoked his supervised release for substance abuse, among other violations. In 2019, the government sought to revoke his supervised release for a third time, based on failure to comply with remote alcohol-testing, use of a controlled substance, and interaction with a person engaged in criminal activity. Sallis admitted all the violations. The district court revoked his supervised release, sentencing him to 10 months in prison. Sallis appeals the substantive reasonableness of the revocation sentence.

This court reviews for abuse of discretion. *United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019), *citing United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its discretion when it: (1) "fails to consider a relevant factor that should have received significant weight;" (2) "gives significant weight to an improper or irrelevant factor;" or (3) "considers only the appropriate factors but in weighing them commits a clear error of judgment." *United States v. Williams*, 624 F.3d 889, 899 (8th Cir. 2010). In his sole issue on appeal, Sallis contends the district court abused its discretion by failing to consider two relevant factors that deserved significant weight—his stable employment and living arrangements.

Sallis's contention has no merit. The district court began by confirming that Sallis violated the terms and conditions of his release and correctly calculating the guidelines range of 4 to 10 months. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (holding the district court must first ensure "no significant procedural error"). The court then heard argument from Sallis about his living situation and employment. This argument included a letter from Sallis's landlord—admitted into evidence—that he was "a very good tenant" and a "very responsible individual."

After argument, the court considered the 18 U.S.C. § 3553(a) factors, properly assigning some greater weight than others. *See United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence."). Although the district court did not specifically address Sallis's argument about his improved living conditions and employment, the transcript shows the court was aware of it. *United States v. Struzik*, 572 F. 3d 484, 487 (8th Cir. 2009) (holding that district courts are not required to "specifically respond to every argument made by the defendant"). In fact, at the end of the hearing, the court told Sallis, "I wish you luck. I hope when you get out you are able to get that same job back again." This court thus presumes the district court rejected the argument. *See United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010) (holding that where a district court is aware of an argument but does not mention it, this court will presume it was "considered and rejected"). The district court "adequately explain[ed] the chosen sentence to allow for meaningful appellate review." *Gall*, 552 U.S. at 50.

The district court weighed the relevant 3553(a) factors and did not abuse its discretion in imposing a within-guidelines sentence. *See Feemster*, 572 F.3d at 464 ("[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.").

\* \* \* \* \* \* \*

The judgment is affirmed.
_____