# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-3179
_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Conyea Vincent

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 24, 2020
Filed: November 20, 2020
[Unpublished]
_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Starting on March 2, 2017, while on federal supervised release, Ronald Conyea Vincent distributed heroin to undercover federal agents in a series of controlled buys. He was indicted for and pleaded guilty to possession with intent to distribute heroin. *See* 21 U.S.C. § 841(a)(1). The presentence investigation report ("PSR") calculated an advisory sentencing guidelines range of 30 to 37 months'

imprisonment. After adopting the PSR's findings of fact and guidelines calculations, the district court[1] imposed a sentence of 60 months' imprisonment. Vincent appeals, arguing that the district court committed procedural errors at sentencing and that his sentence is substantively unreasonable. We affirm.

Vincent raises four claims of procedural error. "In reviewing [a] sentence for procedural errors, we review a district court's interpretation and application of the guidelines de novo and its factual findings for clear error." *United States v. Godfrey*, 863 F.3d 1088, 1095 (8th Cir. 2017).

First, Vincent claims that the district court miscalculated the guidelines range by counting his 1998 conviction toward his criminal-history score. *See id.* at 1094-95 (characterizing miscalculating the guidelines range as a procedural error). Under the guidelines, "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of [the] fifteen-year period" before "the defendant's commencement of the instant offense" counts toward the defendant's criminal-history score. U.S.S.G. § 4A1.2(e)(1). This rule applies even if the reason why a defendant's incarceration overlaps with this fifteen-year period is that the defendant's sentence was initially suspended while the defendant was serving probation, but the probation was later revoked. *Id.* § 4A1.2(k)(2).

The parties agree that Vincent received a two-year prison sentence for his 1998 conviction, the sentence was initially suspended, Vincent was released on probation, and Vincent's probation was revoked on August 25, 2000. But the parties disagree about when the sentence began to run and when it was completed. The Government presented a Missouri Department of Corrections ("MDOC") record that indicates that, although Vincent's probation on his 1998 conviction was revoked on August 25, 2000, his sentence did not begin to run until June 15, 2001, and it was

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

not completed until June 14, 2003, less than fifteen years before the commencement of the instant offense on March 2, 2017. Vincent presented docket sheets and a St. Louis Division of Corrections report that he claims show that he had accumulated nine months and ten days of credit toward his two-year sentence by being jailed for that amount of time during the pendency of his case. *See generally* Mo. Rev. Stat. § 558.031.1 (providing credit toward prison sentences for jail time prior to conviction). According to Vincent, these records discredit the MDOC record by showing that he cannot have been imprisoned on his 1998 conviction for the full two years from June 15, 2001 through June 14, 2003. Vincent assumes that his sentence began to run on August 25, 2000, when his probation was revoked. Adding two years to August 25, 2000 and subtracting nine months and ten days, Vincent concludes that he must have completed his sentence in late 2001, more than fifteen years before March 2, 2017.

The district court adopted the Government's position, finding that Vincent was still imprisoned for his 1998 conviction on March 2, 2002, fifteen years before the commencement of the instant offense on March 2, 2017. This finding was not clearly erroneous. The MDOC record was the only evidence of the dates on which Vincent's sentence began to run and was completed. At most, the records that Vincent presented call into question whether the MDOC record is correct about both dates. But Vincent's 1998 conviction counts toward his criminal-history score even if the MDOC record is correct only about the date on which Vincent's sentence began to run. Two years after June 15, 2001, when the MDOC record indicates that Vincent's sentence began to run, is June 14, 2003, and nine months and ten days before that is still well after March 2, 2002. In the absence of any other evidence about when Vincent's sentence began to run or was completed, the district court did not clearly err by relying on the MDOC record for at least one of these dates.

Second, Vincent claims that the district court failed to consider properly the § 3553(a) factors when imposing his sentence. Although failing to "consider the § 3553(a) factors" properly is a procedural error, proper consideration of the § 3553(a) factors does not require the district court to "respond to every argument

made by the defendant" or "mechanically recite each § 3553(a) factor." *United States v. Struzik*, 572 F.3d 484, 487 (8th Cir. 2009). "Rather, the district court must simply . . . satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.*

Here, the district court emphasized that it had "considered each and every one of the factors, including all the mitigating factors." When explaining the sentence, it discussed several factors specifically, including "the nature and circumstances of the offense" and "all of [Vincent's] history," *see* § 3553(a)(1), the "need to deter [Vincent] from further criminal conduct," *see* § 3553(a)(2)(B), and the "need . . . to protect the public from [Vincent's] distribution of heroin," *see* § 3553(a)(2)(C). This is sufficient to satisfy us that the district court had a "reasoned basis," grounded in § 3553(a), for imposing the sentence that it did. *See Struzik*, 572 F.3d at 487.

Third, Vincent claims that the district court failed to offer an adequate explanation of its upward variance from the guidelines range. *See Godfrey*, 863 F.3d at 1094-95 (characterizing "failing to adequately explain the chosen sentence," including "any deviation from the Guidelines range," as a procedural error). As we have noted, the district court indicated that it had "considered each and every one of the factors" and discussed several factors specifically in its explanation of the sentence. For example, when explaining why an upward variance was necessary to deter criminal conduct and to protect the public, the district court observed that supervised release had not worked. And when discussing Vincent's history and characteristics, the district court observed that Vincent had committed some of the felonies on his record when he was in his thirties rather than "back when [he was] a kid." This is an adequate explanation of the upward variance. *See id.* at 1098 (holding that, by "stat[ing] that it had 'considered each and every one of the factors' and proceed[ing] to discuss two of them in more detail," the district court adequately explained its upward variance).

Fourth, Vincent claims that the district court based its upward variance on opportunities for rehabilitation in violation of *Tapia v. United States*, 564 U.S. 319 (2011). *See United States v. Vandergrift*, 754 F.3d 1303, 1310 (11th Cir. 2014) (characterizing *Tapia* errors as procedural). Although *Tapia* did prohibit lengthening a prison sentence "to promote rehabilitation," it also stated that district courts do not err by simply "discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." 564 U.S. at 334-35. Here, after explaining the sentence by reference to the § 3553(a) factors, the district court simply "recommend[ed] that [Vincent] be evaluated for participation in the Residential Drug Abuse Program," encouraged Vincent to "take advantage of" the program, and expressed a "hope" that he would "get [his] substance abuse problem fixed." At no point did the district court give any indication that it lengthened Vincent's sentence for the purpose of promoting his rehabilitation. Therefore, the district court committed no *Tapia* error.

Vincent also challenges the substantive reasonableness of his sentence. We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "When conducting this review," the appellate court should "take into account the totality of the circumstances." *Id.* "[I]f the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness." *Id.* Instead, it "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

Here, the PSR found that while on federal supervised release Vincent not only distributed heroin but also failed to comply with drug-testing protocol, tampered with and left his location-monitoring device on the roadside, tested positive for controlled substances, and skipped or disrupted rehabilitation programming. Vincent contested none of these findings. He also admitted as part of his plea agreement that he "absconded while on bond and failed to appear for one or more court proceedings." In light of these circumstances, the district court did not abuse its discretion in concluding that a sentence of 60 months was sufficient, but not

greater than necessary, "to deter [Vincent] from further criminal conduct and to protect the public from [Vincent's] distribution of heroin." *See* § 3553(a)(2)(B)-(C).

For the foregoing reasons, we affirm.

_____